Peter A. Romero, Esq.
FRANK & ASSOCIATES, P.C.
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 21 2012 ★

LONG ISLAND OFFICE



CV-12 6324

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANCELMO SIMEON MENDEZ LOPEZ,
SANTOS NATIVIDAD CALI ZAMBRANO,
on behalf of themselves and all
others similarly situated,

WEXLER, J

Plaintiffs,

-against-

SETAUKET CAR WASH & DETAIL CENTER,
TLCW, INC., KARP ENTERPRISES INC.,
STEVEN SAVIANO and MARK CHAIT,

LINDSAY, M.

Defendants.
-------------------------------------------------------------X

Plaintiffs, ANCELMO SIMEON MENDEZ LOPEZ and SANTOS NATIVIDAD

CALI ZAMBRANO, on behalf of themselves and all others similarly situated, by and

through their attorneys, Frank & Associates, P.C., complaining of the Defendants, alleges

as follows:

### PRELIMINARY STATEMENT

1.     Defendants have profited at the expense of their current and former

employees who worked cleaning, washing, drying and detailing motor vehicles at

Defendants' commercial carwash by failing to pay said workers the state and federal

hourly minimum wage and proper overtime for each hour they worked.  Plaintiffs were

required to work under deplorable conditions, ten hours per day, seven days per week. Defendants failed to provide Plaintiffs with meal breaks and potable drinking water during the strenuous summer season.

2.      Defendants employed Plaintiffs and similarly situated employees as "non-exempt" workers who were eligible and entitled to receive the federal and state minimum hourly wage for the first forty (40) hours of work each week.

3.      Defendants failed to pay Plaintiffs and similarly situated workers the federal and state minimum hourly wage rate for the first forty (40) hours of work each week.

4.      Defendants failed to pay Plaintiffs and similarly situated workers the proper overtime rate.

5.      By the conduct described throughout this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, minimum wages and overtime compensation as required by federal and state law.

## NATURE OF THE ACTION

6.      Plaintiffs seek to recover unpaid minimum and overtime wages that defendants owe them and similarly situated current and former non-exempt employees. Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former non-exempt employees of defendants, pursuant to

Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

10.     Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 100 Route 25A, Setauket, New York 11733.

## THE PARTIES

11.     The Plaintiff, ANCELMO SIMEON MENDEZ LOPEZ ("LOPEZ"), is a resident of the County of Suffolk, State of New York.

12.     At all times relevant to the complaint, Plaintiff, LOPEZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

13.     The Plaintiff, LOPEZ, was employed by the defendants from in or about 2009 until in or about 2012 at SETAUKET CAR WASH & DETAIL CENTER located at 100 Route 25A, Setauket, New York, 11733.

14. The Plaintiff, LOPEZ, performed non-exempt duties for the defendants. Plaintiff's primary job duties involved cleaning, drying and detailing cars.

15. The Plaintiff, SANTOS NATIVIDAD CALI ZAMBRANO ("ZAMBRANO"), is a resident of the County of Suffolk, State of New York.

16. At all times relevant to the complaint, Plaintiff, ZAMBRANO, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

17. The plaintiff, ZAMBRANO, was employed by the defendants from in or about 2006 to in or about 2012, at the SETAUKET CAR WASH & DETAIL CENTER, located at 100 Route 25A, Setauket, New York, 11733.

18. The Plaintiff, ZAMBRANO, performed non-exempt duties for the defendants. Plaintiff's primary job duty involved cleaning, drying and detailing cars.

19. Upon information and belief, defendant SETAUKET CAR WASH & DETAIL CENTER, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

20. Upon information and belief, the defendant SETAUKET CAR WASH & DETAIL CENTER was and still is engaged in the car wash and detailing business.

21. At all times relevant, defendant, SETAUKET CAR WASH & DETAIL CENTER was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

22. Upon information and belief, defendant TLCW INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

23.    Upon information and belief, the defendant TLCW INC. was and still is engaged in the car wash and detailing business and was and/or is doing business as SETAUKET CAR WASH & DETAIL CENTER at 100 Route 25A, Setauket, New York.

24.    At all times relevant, defendant, TLCW, INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

25.    Upon information and belief, defendant KARP ENTERPRISES, INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

26.    Upon information and belief, the defendant KARP ENTERPRISES, INC. was and still is doing business engaged in the car wash and detailing business and is doing business as SETAUKET CAR WASH & DETAIL CENTER at 100 Route 25A, Setauket, New York.

27.    At all times relevant, defendant, KARP ENTERPRISES, INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

28.    Upon information and belief, the defendant STEVEN SAVIANO, owns and/or operates SETAUKET CAR WASH & DETAIL CENTER.

29.    Upon information and belief, the defendant STEVEN SAVIANO is the President or Chief Executive Officer of SETAUKET CAR WASH & DETAIL CENTER.

30.    Upon information and belief, the defendant STEVEN SAVIANO is a shareholder of the defendant SETAUKET CAR WASH & DETAIL CENTER.

31.     Upon information and belief, the defendant STEVEN SAVIANO has authority to make payroll and personnel decisions for the defendant SETAUKET CAR WASH & DETAIL CENTER.

32.     Upon information and belief, the defendant STEVEN SAVIANO, owns and/or operates TLCW, INC..

33.     Upon information and belief, the defendant STEVEN SAVIANO is the President or Chief Executive Officer of TLCW, INC..

34.     Upon information and belief, the defendant STEVEN SAVIANO is a shareholder of the defendant TLCW, INC..

35.     Upon information and belief, the defendant STEVEN SAVIANO has authority to make payroll and personnel decisions for the defendant TLCW, INC..

36.     Upon information and belief, the defendant STEVEN SAVIANO, owns and/or operates KARP ENTERPRISES, INC.

37.     Upon information and belief, the defendant STEVEN SAVIANO is the President or Chief Executive Officer of KARP ENTERPRISES, INC.

38.     Upon information and belief, the defendant STEVEN SAVIANO is a shareholder of the defendant KARP ENTERPRISES INC.

39.     Upon information and belief, the defendant STEVEN SAVIANO has authority to make payroll and personnel decisions for the defendant KARP ENTERPRISES, INC.

40.     At all times hereinafter mentioned, the defendant, STEVEN SAVIANO, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

41.    Upon information and belief, the defendant MARK CHAIT, owns and/or operates SETAUKET CAR WASH & DETAIL CENTER.

42.    Upon information and belief, the defendant MARK CHAIT is the President or Chief Executive Officer of SETAUKET CAR WASH & DETAIL CENTER.

43.    Upon information and belief, the defendant MARK CHAIT is a shareholder of the defendant SETAUKET CAR WASH & DETAIL CENTER.

44.    Upon information and belief, the defendant MARK CHAIT has authority to make payroll and personnel decisions for the defendant SETAUKET CAR WASH & DETAIL CENTER.

45.    Upon information and belief, the defendant MARK CHAIT owns and/or operates TLCW, INC..

46.    Upon information and belief, the defendant MARK CHAIT is the President or Chief Executive Officer of TLCW, INC..

47.    Upon information and belief, the defendant MARK CHAIT is a shareholder of the defendant TLCW, INC..

48.    Upon information and belief, the defendant MARK CHAIT has authority to make payroll and personnel decisions for the defendant TLCW, INC..

49.    Upon information and belief, the defendant MARK CHAIT owns and/or operates KARP ENTERPRISES INC.

50.    Upon information and belief, the defendant MARK CHAIT, is the President or Chief Executive Officer of KARP ENTERPRISES INC.

51.    Upon information and belief, the defendant MARK CHAIT, is a shareholder of the defendant KARP ENTERPRISES INC.

52.     Upon information and belief, the defendant MARK CHAIT, has authority to make payroll and personnel decisions for the defendant KARP ENTERPRISES INC.

53.     At all times hereinafter mentioned, the defendant, MARK CHAIT, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

54.     Plaintiff, LOPEZ, has personal knowledge of defendants' pay practices at SETAUKET CARWASH & DETAIL CENTER because he worked at the 100 RT. 25A, Setauket, New York, 11733 location during his employment.

55.     Plaintiff, LOPEZ, has personal knowledge of defendants' pay practices at TLCW, INC. because he worked at the 100 RT. 25A, Setauket, New York, 11733 location during his employment.

## FACTS

56.     At all times relevant, Plaintiffs performed non-exempt duties, including, but not limited to, assisting in the cleaning, washing, drying and detailing of cars for defendants customers.

57.     At all times hereinafter mentioned, plaintiffs were required to be paid overtime pay at the statutory rate of time and one-half regular rate of pay after they had worked forty (40) hours in a workweek.

58.     Plaintiffs worked more than forty hours in most workweeks in which they were employed by the defendants.

59.     Plaintiff and similarly situated current and former employees regularly worked 10 hours per day, seven (7) days per week, or approximately 70 hours per week, without overtime pay or spread of hours pay.

60.    Plaintiffs, and similarly situated current and former employees, were paid an hourly wage of $6.50 per hour.

61.    Defendants failed to compensate the plaintiffs for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of their employment with the defendants.

62.    Defendants paid Plaintiff, and similarly situated current and former employees, straight time for the hours worked each week, including hours worked over 40 hours.

63.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

64.    Defendants failed to pay Plaintiffs and similarly situated employees spread of hours pay in violation of New York Labor Law.

65.    Defendants' refusal and/or failure to pay overtime and spread of hours pay was knowing and willful.

66.    Defendants paid plaintiffs, at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week.

67.    Defendants failed to provide plaintiffs and similarly situated employees time off for meals and breaks.

68.    On numerous occasions, plaintiffs received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the twenty minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

69.    Defendants retained all or part of the Plaintiffs' gratuities.

## COLLECTIVE ACTION ALLEGATIONS

70.     At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

71.     Upon information and belief, there are many current and former employees who are similarly situated to the plaintiffs, who have been underpaid in violation of the FLSA. The named plaintiffs are representative of those other workers and are acting on behalf of the defendants' current and former employees' interests as well as their own interest in bringing this action.

72.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for defendants at any time during the three (3) years prior to the filing of their respective consent forms.

73.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly

situated to the plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

74.     Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

75.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

76.     The Rule 23 Class Members are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

77.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

78.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6,

190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b)      Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

(c)      Whether defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(d)      What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(e)      What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(f)      Whether defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(g)      the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(h)      Whether defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

79.    The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.   Plaintiffs and the Rule 23 Class work or have worked for defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week.   Defendants have acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

80.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.   All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

81.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

82.    Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

83.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.   The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

84.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

85.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

86.     Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

87.     The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess

hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

88.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

89.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

90.     At all relevant times, Plaintiffs and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

91.     The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

92.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

93.     At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§203(e) and 207(a).

94.     Defendants have failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

95.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

96.     Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

97.     As a result of defendants' willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §201 et seq.

98.     As a result of defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

99.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

100.    At all relevant times, Plaintiffs were employees and Defendant has been an employer within the meaning of the New York Labor Law.

101.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

102.    Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

103.    The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess

hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

104. Defendants have failed to pay Plaintiffs and the Rule 23 Class Members overtime wages to which they were entitled under the New York Labor Law.

105. By defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

106. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS ANCELMO SIMEON MENDEZ LOPEZ AND SANTOS NATIVIDAD CALI ZAMBRANO AND SIMILARLY SITUATED EMPLOYEES FOR FAILURE TO PAY THE FEDERAL MINIMUM WAGE**

107. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

108. At all times relevant to this action, plaintiff LOPEZ was defendants' employee within the meaning of 29 U.S.C. §203(e)(1).

109. At all times relevant to this action, plaintiff ZAMBRANO was defendants' employee within the meaning of 29 U.S.C. §203(e)(1).

110. At all times relevant, defendants were plaintiff's employer within the meaning of 29 U.S.C. §203(d).

111. At all times relevant, plaintiff and defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §206(a).

112. At all times relevant, the applicable federal minimum wage is codified by 29 U.S.C. 206(a)(1).

113. Defendants willfully failed to pay plaintiff the minimum wages for hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §206(a).

114. As a consequence of the willful underpayment of wages, plaintiff is entitled to the unpaid minimum wages, liquidated damages and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS
ANCELMO SIMEON MENDEZ LOPEZ AND SANTOS NATIVIDAD CALI
ZAMBRANO AND SIMILARLY SITUATED EMPLOYEES
FOR FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
NEW YORK LABOR LAW**

115. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

116. At all times relevant to this action, the state minimum wage was $5.15 per hour, on and after March 31, 2000; $6.00 per hour on and after January 1, 2005; $6.75 per hour on and after January 1, 2006; and $7.15 per hour on and after January 1, 2007, as codified by New York Labor Law §652(1).

117. Defendants willfully violated plaintiff's rights by failing to pay plaintiff the minimum wage for the first forty hours of work performed each week, in violation of Labor Law §650 et seq.

118.    Due to defendants' New York Labor Law violations, plaintiff is entitled to recover from defendants her unpaid regular wages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
### FOR FAILURE TO PAY SPREAD OF HOURS
### IN VIOLATION OF 12 NYCRR §142-2.4

119.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

120.    Defendants failed to pay plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§650 et seq. and 12 NYCRR §142-2.4.

121.    Defendants' failure to pay plaintiff an additional hour pay for each day plaintiff's spread of hours exceeded ten (10) was willful.

122.    As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants' amounts to be proven at trial for his unpaid spread of hours pay, liquidated damages equal to one hundred percent of the spread-of-hours pay found to be due, reasonable attorney's fees, and costs of this action, pursuant to New York Labor Law §663(1).

## SIXTH CLAIM FOR RELIEF
### FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

123.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Defendant failed to provide plaintiff with notice of her rate of pay; the basis of her rate of pay; the employee's regular pay day; the name, address and telephone

number of the employer; and other information required by Section 195 of the Labor Law.

125.    Due to defendant's failure to provide plaintiff with the notice required by Section 195 of the Labor Law, plaintiff is entitled to damages of $2,500.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iii)   Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v)     Unpaid overtime and spread of hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(vi)    Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

(vii)    Damages in the amount of $2,500.00 pursuant to New York State Labor Law §195;

(viii)   All attorneys' fees and costs incurred in prosecuting these claims; and

(ix)     Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: Farmingdale, New York
        December 20, 2012

                                  **FRANK & ASSOCIATES, P.C.**

                    By:           _____
                                  Peter A. Romero (PR-1658)
                                  500 Bi-County Blvd., 112N
                                  Farmingdale, New York 11735
                                  Tel. (631) 756-0400
                                  Fax (631) 756-0547
                                  promero@laborlaws.com

                                  *Attorneys for Plaintiffs*