FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 0 7 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANCELMO SIMEON MENDEZ LOPEZ,
SANTOS NATIVIDAD CALI ZAMBRANO,
on behalf of themselves and all others similarly
situated,

                                   Plaintiffs,

             -against-

SETAUKET CAR WASH & DETAIL CENTER,
TLCW, INC., KARP ENTERPRISES, INC.,
STEVEN SAVIANO, and MARK CHAIT,

                               Defendants.
-------------------------------------------------------X
APPEARANCES:

MEMORANDUM AND ORDER

CV-12-6324

(Wexler, J.)

       FRANK & ASSOCIATES, P.C.
       BY: Peter A. Romero, Esq.
       500 Bi-Country Boulevard, 112N
       Farmingdale, New York 11735
       Attorneys for Plaintiffs

       ZABELL & ASSOCIATES, P.C.
       BY: Saul D. Zabell, Esq.
       1 Corporate Drive
       Bohemia, New York 11716
       Attorneys for Defendants

WEXLER, District Judge:

       Presently before the Court are plaintiffs' limited objections to a report and

recommendation of Magistrate Judge Arlene Rosario Lindsay of October 2, 2014 (the "R&R"),

which granted plaintiff's motion to amend the complaint to add certain opt-in plaintiffs as named

plaintiffs. Plaintiffs object to certain portions of the R&R pursuant to Federal Rules of Civil

Procedure, Rule 72(b) and 28 U.S.C. § 636(b)(1), as discussed below. The Court herein adopts

Judge Lindsay's R&R in part, and modifies it in part, as outlined here.

BACKGROUND

Plaintiffs Ancelmo Simeon Mendez Lopez ("Lopez") and Santos Natividad Cali Zambrano ("Zambrano") (collectively "Plaintiffs") brought this action Setauket Car Wash & Detail Center, TLCW, Inc., Karp Enterprises, Inc., Steven Saviano, and Mark Chait ("Defendants") claiming violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs moved to amend their complaint to add certain opt-in plaintiffs, namely Blas Alvarado ("Alvarado"), Nelson Garci (Garcia"), Santos Dagoberto Zepeda ("Zepeda"), Noe Aquilar Canas ("Canas") and Denis Omar ("Omar"), as named plaintiffs to the complaint, and moved that the amendment relate back to the original complaint filed on December 21, 2012. See R&R, at 1-2. The motion was referred to Magistrate Judge Lindsay.[1]

By R&R dated October 2, 2014, Judge Lindsay granted Plaintiffs' motion to amend the complaint to add Alvarado, Garcia, Zepeda and Canas as named plaintiffs. Judge Lindsay did not recommend joinder of the fifth proposed plaintiff, Omar, because insufficient documentation was submitted regarding the dates and nature of his employment to confirm a sufficient nexus to the claims in the complaint. See R&R, at 5-6. Furthermore, Judge Lindsay recommended that Plaintiffs' request that the amendment relate back to the original filing date be denied, out of concern that a relation back would be "an end-around the FLSA statute of limitations" which states that an opt-in plaintiff's claim commences upon the filing of his or her written consent to sue. Id., at 6-7.

Plaintiffs' objections are limited to the following: that, upon submission of his

---

[1]Plaintiffs' motion to conditionally certify the case as a collective action was granted on June 17, 2014. See docket entry ("DE") 49.

declaration outlining the dates and nature of his employment,[2] Omar be permitted to join as a

named plaintiff; that an additional opt-in plaintiff, Dennis Osvaldo (a/k/a Dennis Pineda) be

permitted to join as a named plaintiff, having been included in the proposed amended complaint,

but inadvertently excluded from the motion to amend; and a clarification that Plaintiffs' request

for a relation back to the original filing date applies only to the New York labor law ("NYLL")

claims, not the FLSA claims.  Defendants have not submitted an objection to the R&R or a

response to Plaintiffs' objections.

DISCUSSION

A magistrate judge's report and recommendation is reviewed by the referring district

court *de novo*.  See Rule 72(b)(3); 28 U.S.C. § 636(b)(1); Morpurgo v. Incorporated Village of

Sag Harbor, 417 Fed.Appx. 96, 97-98 (2d Cir. 2011).  Rule 15(a)(2) states that a court should

"freely give leave" to amend a complaint "when justice requires."  Kroshnyi v. U.S. Pack Courier

Services, Inc., 771 F.3d 93, 109 (2d Cir. 2014).  Here, Plaintiffs seek to amend the complaint by

adding new named plaintiffs.  Rule 20 states that a plaintiff may be joined if a) he asserts a right

"with respect to or arising out of the same transaction, occurrence or series of transactions or

occurrences;" and b) "any question of law or fact common to all plaintiffs will arise in the

action."  See Rule 20(a)(1)(A) and (B); Arroyo v. PHH Mortg. Corp., 2014 WL 2048384, *2

(E.D.N.Y. 2014).

1.  Joinder of Additional Plaintiffs

A.  Denis Omar

The R&R recommended that Plaintiffs be permitted to amend the complaint to add

---

[2]The declaration is attached as exhibit A to Plaintiffs' Limited Objections to the R&R
("Pl. Obj.").

Alvarado, Garcia, Zepeda and Canas as named Plaintiffs. Defendants do not object to this, nor do Plaintiffs. See Pl. Obj., at 3. Plaintiffs' object to the extent that the R&R did not permit joinder of Omar. In support of Omar's joinder, Plaintiffs' submit a declaration stating that he worked for Defendants from 2005 through 2010, from either 7am to 6pm, or 8am to 5pm, as a car wash attendant. Omar states that he often worked in excess of ten hours per day, and regularly worked more than forty hours a week without being paid overtime. He further states that he performed the same duties as Plaintiffs Lopez, Cana, and Zambrano, who also worked more than forty hours per week. See Pl. Obj., Ex. A, at 1-2.

The Court finds that Omar's claims arise out of the "same transaction, occurrence or series of transactions or occurrences" as those outlined in the complaint, and that this action involves questions of law or fact that are common to all Plaintiffs, including Omar. Therefore, Plaintiffs' motion to amend the complaint to join Omar as a named plaintiff is granted. See Mclean v. CVS Pharmacy, Inc., 2010 WL 3827940, (D.Conn. 2010) (motion to amend to join additional plaintiffs granted where proposed plaintiffs claim deprivation of overtime under the same defendant's policies as those in complaint); Niemiec v. Ann Bendick Realty, 2007 WL 5157027, *14 (E.D.N.Y. 2008) (granting motion to amend to add opt-in plaintiffs seeking to assert claims arising from the same "conduct, transaction or occurrence" as those in the complaint).

B. Dennis Osvaldo

Similarly, Plaintiffs seek to join Dennis Osvaldo as a named plaintiff, claiming he was inadvertently excluded from the motion. The Court notes that the proposed amended complaint submitted with the motion includes the claims of proposed plaintiff Osvaldo. Those allegations state that he worked for defendants "cleaning and drying cars" but does not detail when he was

-4-

employed, the hours that worked or compensation received. See Declaration of Peter A. Romero In Support of Motion to Amend, ("Romero Dec."), Ex. A: Proposed Amended Complaint, ¶¶ 19-22.  Plaintiffs assert that declarations outlining the dates, hours of employment and manner of compensation for the proposed plaintiffs were submitted in support of Plaintiffs' motion to conditionally certify a collective action.  See Plaintiffs' Memorandum in Support of the Motion to Amend ("Pl. Mem."), at 2.  Osvaldo's declaration submitted in reply to that motion states that he worked for Setauket Car Wash & Detailing Center for approximately one year in 2011 as a car wash attendant, and regularly worked over forty hours per week, from 8am to 6pm seven days per week, and did not receive overtime compensation.  See Declaration of Denis Osvaldo Pineda Canas, at ¶¶ 2-7 (DE 35-4).  For the same reasons stated above concerning Omar, Plaintiffs' motion to include Osvaldo as a named plaintiff is granted.

> 2. Relation Back of NYLL Claims

The R&R recommended that Plaintiffs' motion that the amended complaint relate back to the filing date of the original complaint be denied, viewing it as an "end-around the FLSA statute of limitations."  In their objections, Plaintiffs agree that the FLSA claims do not relate back and that those claims are tolled only upon the filing of each Plaintiff's written consent. Pl. Obj., at 4. Yet, Plaintiffs argue that the FLSA scheme does not apply to the NYLL claims, which should be deemed to relate back to the original filing.  Id.

An amended claim relates back to the original filing when there is a "common core of operative facts linking the amendments and the original complaint." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 397 (E.D.N.Y. 1998) (quoting Oliner v. McBride's Industries, Inc., 106 F.R.D. 9, 12 (S.D.N.Y.1985)); Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986); Rule 15(c)(1)(B).  Here, the original complaint alleges that Defendants failed to pay overtime in

violation of NYLL. The additional Plaintiffs assert these same claims, which, furthermore, were originally alleged to be brought individually as well as on behalf of those similarly situated. Defendants have thus been fully apprised of the nature of these claims and are not prejudiced by the inclusion of additional Plaintiffs. Sokolski, 178 F.R.D. at 398; Andujar, at 159. Accordingly, Plaintiffs' request that the amendments to the NYLL claims relate back to the original filing date is granted.

CONCLUSION

Having reviewed the parties' submissions in connection with the motion to amend and Plaintiffs' objections, the R&R of Magistrate Judge Lindsay of October 2, 2014 is hereby adopted in part, and modified in part. The Court adopts the R&R to the extent it grants Plaintiffs' motion to amend the complaint to join Alvarado, Garcia, Zepeda and Canas as named Plaintiffs. The Court modifies the R&R to grant Plaintiffs' motion to amend the complaint to join Plaintiffs Denis Omar and Dennis Osvaldo; and further modifies the R&R to grant Plaintiffs' motion that the NYLL claims for the new Plaintiffs relate back to the original filing.

All counsel are directed to appear for a conference in Courtroom 940 on January 21, 2015 at 10:30am.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 7 2015