Counseling and Advising Clients Exclusively on Laws of the Workplace

# ZA Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

April 29, 2015

## *VIA* ELECTRONIC CASE FILING

The Honorable Leonard D. Wexler
Unites States Senior District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> **Re:** **Lopez, et al. v. Setauket Car Wash & Detail Center, et al.**
> **Case No.: 12-CV-6324 (LDW) (AYS)**

Your Honor:

This firm is counsel to Setauket Car Wash and Detail Center, TLCW, Inc. and Steven Saviano, Defendants in the above-referenced action. We respectfully submit the following application for a pre-motion conference to address Defendants' contemplated motion for summary judgment under Federal Rule of Civil Procedure 56. ("Fed. R. Civ. P."). For the reasons set forth below, Defendants' application should be granted in its entirety and a briefing schedule should be set.

The standards for summary judgment are well settled. Fed. R. Civ. P. 56(a) states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Velasquez v. Digital Page, Inc.*, No. 11-CV-3892 (LDW) (AKT), 2014 WL 6460801, at *2 (E.D.N.Y. Nov. 17, 2014) (citing *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 108 (2d Cir. 2013)). In the context of a Rule 56 motion, the court "is not to weigh the evidence, but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Id.* (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (citing *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002)); *Elec. Indus. Co. v. Zenith Radio Corp.*,

 **Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

The Hon. Leonard D. Wexler
April 29, 2015
Page 2 of 3

475 U.S. 574, 586–87 (1986). As the Supreme Court stated, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 247–48, (1986). The non-moving party may not rest upon mere conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is needed. *Velasquez,* 2014 WL 6460801 at *2 (citing *R.G. Group, Inc. v. Horn & Hardart Co.,* 751 F.2d 69, 77 (2d Cir. 1984). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *Velasquez,* 2014 WL 6460801 at *2 (citing *BellSouth Telecomms., Inc. v. W.R. Grace & Co.,* 77 F.3d 603, 615 (2d Cir. 1996). Here, Defendants' application for a pre-motion conference should be granted because Plaintiffs cannot: (1) establish that Defendants are an enterprise under the Fair Labor Standards Act ("FLSA"); and (2) establish viable claims under the FLSA or New York Labor Law ("NYLL").

## Defendants are not an Enterprise under the FLSA

Plaintiffs cannot establish that Defendants are an enterprise under the FLSA. The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii). Defendants produced their corporate tax returns for the 2008 through 2013 tax years. The tax returns conclusively demonstrate Defendants' gross receipts for the 2008 through 2013 tax years to be $229,855; $276,830; $308,602; $341,169; $330,266; $412,265, respectively. Defendants' tax returns prove gross receipts which fall short of enterprise coverage under the FLSA. *See Xelo v. Mavros,* No. 03-CV-3665 (NG) (MDG), 2005 WL 2385724, at *3-4 (E.D.N.Y. Sept. 28, 2005) (holding that the corporation was not an enterprise under the FLSA because it did not have gross sales or business of $500,000 as evidenced by their corporate tax returns); *Yang Li v. Ya Yi Cheng,* No. 10-CV-4664, 2012 WL 1004852, at *5-6 (E.D.N.Y. March 23, 2013) (noting that Defendants' tax returns prove their gross receipts did not approach the FLSA's threshold of $500,000, which in turn is "fatal to Plaintiffs' enterprise-coverage theory"). Thus, there is no genuine issue of material fact to be tried. *See Xelo,* 2005 WL 2385724, at *3-4. Accordingly, Defendants respectfully request this Court grant Defendants' application.

## Plaintiffs cannot establish viable claims under the FLSA or NYLL

To establish liability under the FLSA and NYLL on a claim for unpaid overtime, a Plaintiff must prove that he "performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Eschmann v. White Plains Crane Serv., Inc.,* No. 11-CV-5881 (KAM) (VVP), 2014 WL 1224247, at *4 (E.D.N.Y. Mar. 24, 2014) (citing *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011)); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87 (1946). Under the FLSA, it is the employee who, at all times, "has the burden of proving that he performed work for which he was not properly compensated." *Rivera v. Ndola Pharmacy Corp.,* 497 F.Supp.2d 381, 388 (E.D.N.Y. 2007) (quoting *Anderson,* 328 U.S. 680, 687 (1946)).


**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

The Hon. Leonard D. Wexler
April 29, 2015
Page 3 of 3

To prove an FLSA violation or recoup back wages, a Plaintiff "must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked" by the employee. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003). If the Plaintiff meets this burden, the duty then shifts to the employer to come forward with evidence of the precise amount of work performed or with "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 688. Here, Plaintiffs cannot prove that they performed work on Defendants' behalf without being properly compensated. Although not all depositions in this matter have concluded, a number of the deposed Plaintiffs cannot even approximate their dates of employment cannot even specify the year(s) in which they were employed by Defendants. Further, the Plaintiffs who have been deposed, each confirm their paystubs and/or payroll registers accurately reflect the hours they worked and were paid for each and every hour they worked. We anticipate the remaining Plaintiffs' depositions will confirm the same facts. Defendants' payroll register also, in many instances, proves Plaintiffs worked less than forty (40) hours per week, despite allegations to the contrary. Lastly on the occasional instance where a Plaintiff worked more than forty (40) hours, the payroll register proves that Plaintiffs were paid one and one half (1.5) times their regular rate of pay. Accordingly, Plaintiffs will not meet their burden under the FLSA.

In light of Plaintiffs' individual and collective inability to meet their burden and establish each and every requirement of the FLSA, we respectfully request this Court schedule a pre-motion conference to set a briefing schedule in connection with the contemplated motion for summary judgment.

Counsel for Defendants remains available should Your Honor require additional information regarding this submission.

Respectfully submitted,

**ZABELL & ASSOCIATES, P.C.**

Saul D. Zabell

cc: Peter A. Romero, Esq. (*via* Electronic Case Filing);
client