```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANCELMO SIMEON MENDEZ LOPEZ, et al.

                              Plaintiff,                    MEMORANDUM AND ORDER
              -against-                                     CV 12-6324(LDW)(AYS)


SETAUKET CAR WASH & DETAIL
CENTER, TLCW, INC., KARP
ENTREPRISES, INC. STEVEN SAVIANO,
AND MARK CHAIT,

                              Defendants.
----------------------------------------------------------X
```

**ANNE Y. SHIELDS, Magistrate Judge:**

      The motion to quash filed under Docket Entry ("DE") number 109 in this matter is granted in part and denied in part on the grounds set forth in this Court's opinion with respect to DE 105. In the opinion addressing the motion under DE 105, the Court denied in part the motion to quash a subpoena addressed to Citibank, alleged to have been Defendants' bank. The Court notes that there is some confusion as to which bank possesses Defendants' records. Plaintiff originally issued a subpoena to Citibank.  Defendants moved to quash the subpoena, and on April 30, 2015, Plaintiff opposed Defendants' motion to quash. In his opposition, Plaintiff stated that he mistakenly issued subpoenas to Citibank, but intended to issue new subpoenas to Capital One forthwith. Thereafter, on May 1, 2015, Plaintiff issued a subpoena to Capital One. Thus, Defendants were on notice of Plaintiff's May 1, 2015 subpoena issued to Capital One. Additionally, this court's opinion with respect to DE 105, dated May 19, 2015, addressed the merits as to whether Plaintiff was entitled to subpoena Defendants' bank information.

      Although the Court specifically addressed Citibank and not Capital One in its opinion, the documents requested in both subpoenas are identical and the legal merits of the ruling

1

regarding the subpoena issued to Citibank is equally applicable to the subpoena issued to Capital One. Thus, the Court now holds that the same ruling applies to both the Citibank and Capital One subpoenas. Specifically, the Plaintiff is entitled to the same documents from Capital One as the court found permissible had such documents been in the possession of Citibank. Put simply, the holding with respect to the subpoena issued to Citibank applies with equal force to any subpoena issued to Capital One.

So Ordered


Dated: Central Islip, New York
       May   19, 2015

                                            /s/ Anne Y. Shields
                                           ANNE Y. SHIELDS
                                           United States Magistrate Judge