UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANCELMO SIMEON MENDEZ LOPEZ,
SANTOS NATIVIDAD CALI ZAMBRANO,
on behalf of themselves and all others similarly
situated,

                       Plaintiffs,

    -against-

SETAUKET CAR WASH & DETAIL CENTER,
TLCW, INC., KARP ENTERPRISES, INC.,
STEVEN SAVIANO, and MARK CHAIT,

                       Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV-12-6324

(Wexler, J.)

APPEARANCES:

    FRANK & ASSOCIATES, P.C.
    BY: Peter A. Romero, Esq.
    500 Bi-Country Boulevard, 112N
    Farmingdale, New York 11735
    Attorneys for Plaintiffs

    ZABELL & ASSOCIATES, P.C.
    BY: Saul D. Zabell, Esq.
    1 Corporate Drive
    Bohemia, New York 11716
    Attorneys for Defendants

WEXLER, District Judge:

Plaintiffs Ancelmo Simeon Mendez Lopez ("Lopez") and Santos Natividad Cali Zambrano ("Zambrano") (collectively "Plaintiffs") bring this action against Setauket Car Wash & Detail Center, TLCW, Inc., Karp Enterprises, Inc., Steven Saviano and Mark Chait (collectively "Defendants") claiming violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). By a previous order of this Court, Plaintiffs' motion for conditional

certification of their FLSA claims was granted.[1] Now Plaintiffs move for class certification of their New York claims under Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro."). For the reasons stated below, Plaintiffs' motion is granted.

BACKGROUND

Plaintiffs are car wash attendants formerly employed by the Defendants. They claim that Defendants violated the FLSA and the NYLL by not paying overtime, minimum wage or the "spread of hours" required under New York law. Amongst other things, Plaintiffs claim that in calculating their wages, Defendants took a tip credit that failed to meet the requirements of New York law, NYCRR § 142-2.5(b). In addition, Plaintiffs allege that improper calculation of the tip credit led to an improper calculation of overtime wages. Plaintiffs now seek class certification of the claims under Rule 23.

DISCUSSION

I. Legal Principles

A. Rule 23(a) and Rule 23(b)(3)

Rule 23(a) requires that a party seeking certification prove each of the listed elements, namely, that the proposed class action "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) cert. denied 132 S.Ct. 368 (2011); Rule 23(a).

---

[1] A total of twelve Plaintiffs have opted in to this action. In granting certification, the Court directed that notice be sent to all employees for the six years prior. See ECF No. 49, at 6-7.

Furthermore, once the elements of Rule 23(a) have been satisfied, Rule 23(b)(3) requires that the party seeking certification must show that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that class treatment would be superior to individual litigation. See Rule 23(b)(3); Myers, 624 F.3d at 547.

II. Disposition of the Motion

1. Rule 23(a)

A. Numerosity

The Second Circuit has stated that "numerosity is presumed at a level of 40 members." Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995); Perez v. Allstate Insurance Co., 2014 WL 4655745, *14 (E.D.N.Y. 2014). There are twelve opt-in Plaintiffs and a total of approximately 80 putative class members. Defendants concede that numerosity is satisfied. See Defendants' Memorandum of Law in Opposition ("Def. Mem."), at 5.

B. Commonality

Rule 23(a) states that a plaintiff must share "questions of law or fact common to the class." Rule 23(a)(2). The Supreme Court has explained that "commonality requires that the class members have suffered the same injury." Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). "That claim must depend on a common contention" that "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

In Dukes, the plaintiffs hoped to certify a class action alleging that the employer, Wal-

Mart, operated under a policy of sexually discriminating against female employees in violation of Title VII of the Civil Rights Act of 1964. The Court ruled that certification was not warranted where there was no "glue" holding the reasons for the alleged discrimination together. "It will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the question *why was I disfavored.*" Id., at 2552 (emphasis in original).

This case is distinguishable. Plaintiffs here argue that they were all subject to the same policy of Defendants that improperly calculated a tip credit and paid the Plaintiffs their hourly wage and any overtime due accordingly. The Court finds that the question of whether this policy violates the NYLL is a question that is "common" to all Plaintiffs, and thus satisfies the commonality test under Rule 23. See Shahriar v. Smith & Wollensky Retaurant Group, Inc., 659 F.3d 234, 252 (2d Cir. 2011) (commonality of Rule 23 satisfied since plaintiffs' NYLL class claims all derive from the same compensation policies and tipping practices).

Defendants argue that there is no commonality because each of the Plaintiffs testified differently on how often they worked, and on whether or not the car wash operated in the rain, or on certain holidays. They also urge that some Plaintiffs testified that they never worked more than 40 hours in given week and thus were not entitled to overtime. Thus, they argue that the individual nature of each Plaintiff's testimony destroys commonality.[2]

Yet, the Court finds that these differences, relevant to the amount of damages owed, if any, do not destroy the commonality created by the question of whether Defendants' policy of taking the tip credit was violative of the law. This commonality warrants certification as a class

---

[2]Defendants urge that these differences also defeat the "typicality" required by Rule 23(a) and well as the mandate that common claims predominate over individual claims, as required by Rule 23(b).

action under Rule 23. As stated by the Supreme Court describing when class certification is warranted, the claims here do depend on a "common contention," the resolution of which will determine the validity of each of the claims "in one stroke." Dukes, 131 S.Ct. at 2551. The legitimate differences cited by the Defendants are not relevant to the common contention of liability, but rather the amount of damages owed, if any, and can be addressed if and after the common question of liability is determined.[3] See Morris v. Alle Processing Corp., 2013 WL 1880919, at *10 (E.D.N.Y. May 6, 2013) (commonality and typicality satisfied since "[d]ifferences among class members as to the number of hours worked, the type of work performed, and the amount of pay received 'concern the amount of damages to which any individual [class member] might be entitled if and when liability is found, not the amenability of plaintiffs' claims to the class action form.'") (citations omitted).

C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993) (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992), cert. dismissed, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993). Many courts have recognized that the commonality and typicality requirements of Rule 23(a) often merge, both serving as "guideposts"

---

[3]The Court distinguishes this case, where the common issue is whether Defendants' policy violated the law, from this Court's ruling in Velasquez v. Digital Page, 303 F.R.D. 435 (E.D.N.Y. 2014) which addressed the factually-intensive question of whether the employees were exempt from overtime.

for whether the class action is "economical" and will adequately protect the interests of the absent class members. Dukes, 131 S.Ct. at 2551, n.5. Typicality involves the inquiry into "the fairness of allowing an entire class's claim to rise or fall with the fate of the named representative's claims." Indergit v. Rite Aid Corp., 293 F.R.D. 632, 652 (S.D.N.Y. 2013) (citations omitted).

As discussed above, since the claims at issue here stem from the common question of whether Defendants' policy violated the law, the claims and defenses of the representative Plaintiffs are typical of those of the class. Therefore, and for the same reasons discussed above concerning commonality, typicality is also satisfied.

D. Adequacy of Representation

"Adequacy of representation is evaluated in two ways: (1) by looking to the qualifications of plaintiffs' counsel; and (2) by examining the interests of the named plaintiffs." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, (S.D.N.Y. 2014) (quoting Flores v. Anjost Corp., 284 F.R.D. 112, 128–29 (S.D.N.Y. 2012)). The Court has reviewed the parties' submissions and finds that Plaintiffs and Plaintiffs' counsel are adequate to permit certification.

2. Rule 23(b)(3)

Rule 23(b)(3) states that certification is warranted when "questions of law or fact common to class members predominate over any questions affecting only individual members..." See Rule 23(b)(3). To satisfy the "predominance" requirement, Plaintiff must show that the "more 'substantial' aspects of this litigation will be susceptible to generalized proof for all class members than any individualized issues." Myers, 624 F.3d at 551. A class action is intended to promote efficiency of time and effort, which can only be achieved if "generalized" proof applies

to the whole class. Myers, 624 F.3d at 549. If the claims mandate an individualized inquiry and determination, there is no point in proceeding as a class action. Thus, if the common questions and proof do not "predominate" over the individual questions, class certification is not warranted.

The Court finds that the common questions concerning the policies employed by Defendants "predominates" over the individual questions concerning the specific numbers of hours worked by each Plaintiff, as argued by Defendants. The common question here is whether the Defendants improperly permitted a tip credit in calculating wages owed. This question predominates over the individualized question of the damages due each Plaintiff, if liability is established. Perez v. Allstate Insurance Co., No. 11-CV-1812 (JFB)(AKT), 2014 WL 4635745, at *22 (E.D.N.Y. Sept. 16, 2014) (granting class certification in an exemption case where "given the common issues concerning defendant's liability to all NYLL Class members, the individualized nature of damages, without more, does not defeat the predominance element"); cf. Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1433 (2013) (requiring that the putative class's theory of damages must be correspond to that class's theory of liability to justify class certification under Rule 23); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 253 (2d Cir. 2011) (affirming class certification where, "[i]f Plaintiffs succeed in showing that the expediters, silver polishers, coffee makers, and/or managers were not eligible to receive tips under New York law, then each of the class plaintiffs will likely prevail on his or her section 196–d claims, although class plaintiffs' individualized damages will vary"); Fonseca v. Dircksen & Talleyrand Inc., 2015 WL 5813382, at *6 (S.D.N.Y. September 28, 2015) (in a tipping policy case, "that each class member's damages may vary is not relevant to the predominance inquiry, because damages

calculations merely entail the application of simple mathematical computations that are consistent with the theories of liability.")

The Court finds that Rule 23 (a) and (b) is satisfied and grants Plaintiffs' motion for class certification.

## CONCLUSION

Plaintiffs' motion for Rule 23 class certification on Plaintiffs claims under New York law is granted.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 5, 2016