UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANCELMO SIMEON MENDEZ LOPEZ,
SANTOS NATIVIDAD CALI ZAMBRANO,
on behalf of themselves and all others similarly
situated,

                              Plaintiffs,

    -against-

SETAUKET CAR WASH & DETAIL CENTER,
TLCW, INC., KARP ENTERPRISES, INC.,
STEVEN SAVIANO, and MARK CHAIT,

                              Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV-12-6324

(Wexler, J.)

APPEARANCES:

    FRANK & ASSOCIATES, P.C.
    BY: Alyssa Marino, Esq.
    500 Bi-Country Boulevard, 112N
    Farmingdale, New York 11735
    Attorneys for Plaintiffs

    ZABELL & ASSOCIATES, P.C.
    BY: Saul D. Zabell, Esq.
    1 Corporate Drive
    Bohemia, New York 11716
    Attorneys for Defendants

WEXLER, District Judge:

    Before the Court are post-trial motions by Defendants and Plaintiffs following a jury trial that ended on January 12, 2016. Plaintiffs Ancelmo Simeon Mendez Lopez ("Lopez") and Santos Natividad Cali Zambrano ("Zambrano") (collectively "Plaintiffs") are car wash attendants employed by defendants Setauket Car Wash & Detail Center, TLCW, Inc., Karp Enterprises, Inc., Steven Saviano and Mark Chait (collectively "Defendants"). The claims here allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for

-1-

failure to pay proper wages, including overtime.

Prior to trial, this Court granted Plaintiffs' motions for conditional certification of the FLSA claims and class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.Pro.") of the New York claims. As described in this Court's earlier decision granting Rule 23 class certification, a significant issue to be determined at trial and common to all Plaintiffs' claims was whether Defendants' manner of calculating a tip credit for its workers violated the FLSA and the NYLL.

Three Plaintiffs testified at trial.[1] The jury reached a verdict on January 12, 2016. As reflected on the verdict sheet, as a preliminary matter, the jury found that the FLSA was not triggered since Defendants did not have sufficient gross sales. The jury also found that Plaintiffs failed to state claims under the NYLL for minimum wage and for "spread of hours" wages. Finally, the jury found that a claim for overtime wages was only stated by two of the three Plaintiffs, and awarded damages to only those two Plaintiffs. Plaintiff now move for judgement as a matter of law, and Defendants also move to decertify the class action based on the jury's verdict, and for the Court to decline to exercise its supplemental jurisdiction over the remaining state law claims.

1. Plaintiffs' Motion

Plaintiffs' motion under Rule 50(b) of the Fed. R.Civ.Pro. argues for judgment as a matter of law to prevent "manifest injustice." A post-trial Rule 50(b) "is properly made only if a Rule 50(a) motion for judgment as a matter of law has been made before submission of the case to the

---

[1] At the time of trial, a total of 9 Plaintiffs had opt-in to the collective action for the FLSA claims. In addition to Plaintiffs Lopez and Zambrano, opt-in Plaintiff Noe Aguilar Canas ("Canas") testified, and the claims of those three Plaintiffs were decided by the jury.

jury." Bracey v. Bd. of Educ. of City of Bridgeport, 368 F.3d 108, 117 (2d Cir. 2004) (declining to address Rule 50(b) motion where no Rule 50(a) motion was made prior to submission of the case to the jury). An exception exists if the "relief is to prevent 'manifest injustice.'" King v. MTA Bridges and Tunnels, 173 F.3d 844 (2d Cir. 1999) (quoting Cruz v. Local Union No. 3, 34 F.3d 1148, 1155 (2d Cir. 1994)). Review is especially limited if the Rule 50(b) motion is made without making a Rule 50(a) motion and after a jury returns a verdict. Hicks v. Vane Line Bunkering, Inc., No. 11 Civ. 8158, 2013 WL 1747806, at *8 (S.D.N.Y. Apr. 16, 2013). "A Rule 50 motion for judgment as a matter of law must be granted where '(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against him.'" Hernandez v. Keane, 341 F.3d 137, 143–44 (2d Cir. 2003) (citations omitted).

Plaintiffs argue that the jury should not have rejected their claim that Defendants took a tip credit improperly since the law requires a weekly record of tips and one of the Defendants testified that no such records were maintained. Plaintiffs also argue the jury incorrectly calculated the damages, and that the jury was confused when it found that Plaintiff Canas had not stated a claim for overtime.

The Court is not persuaded and finds that there is no "manifest injustice" here that warrants entering judgment as a matter of law in favor of Plaintiffs. Plaintiffs' arguments claim to know the reasoning employed by the jury, either in declining to find liability or in calculating damages, and argues that that reasoning was either "improper" or "confused." Yet, as pointed out by Defendants, Plaintiffs bore the burden to prove their claims, and they failed to do so. It is complete conjecture by the Plaintiff that the jury was "confused" when it declined to find liability

on certain claims,[2] or that it miscalculated the damages. The Court finds that there was no "manifest injustice" here, nor was there a "complete absence of evidence supporting the verdict." Hernandez v. Keane, 341 F.3d at 143–44. Accordingly, Plaintiffs' motion or judgment as a matter of law is denied.

2.  Defendants' Motion

Defendants also move. The first prong of Defendants' motion seeks decertification of the Rule 23 class action. Defendants' arguments for decertification largely rest on the conclusion that since liability for overtime wages was only established by two of the three Plaintiffs, there clearly is no "commonality" or "typicality" to warrant class certification under Rule 23. They also urge that since the FLSA claims were dismissed by the jury, the Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the only remaining state law claims.

The Court will first address the question of supplemental jurisdiction. While the court has discretion to exercise supplemental jurisdiction, that discretion is not "boundless," and when the federal claims have been dismissed early in the case, or when the issues in question involve unsettled state law, the Court should decline exercising its supplemental jurisdiction over remaining state law claims. Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305-306 (2d Cir. 2003) (citations omitted). Yet, the Second Circuit has affirmed the exercise of such jurisdiction where

---

[2]Plaintiffs argue that the reason for the inconsistent findings of liability amongst the Plaintiffs is that the jury was "likely" confused that Plaintiff Canas also used the name "Flores." Yet, there is no support for this in the record. Indeed, the jury was instructed that "the plaintiffs in this case are former employees of [Defendants]." Transcript, at 239-240. Furthermore, the jury sent a note asking, "Is Plaintiff Canas the same as Flores?" After conferring with counsel, the Court's response was, "Yes." Transcript, at 255. Thus, there is no basis to conclude that the jury was confused as to Canas' identity or his employment with the Defendants when they determined that he had not established his claim.

the federal claims were dismissed just prior to trial, or where discovery had been completed and dispositive motions decided, and the issues involved settled state law. Id., at 306. The important considerations for the Court are the principles of "judicial economy, convenience, fairness, and comity." Id., at 305 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

The Court finds that consideration of all of these principles warrant continued supplemental jurisdiction. This Court has presided over this case since it was first filed in 2012, has ruled on various motions, including motions for class and collective action certification, a motion for summary judgment, and on various objections to discovery rulings made by the Magistrate Judge. Most importantly, this Court presided over the trial of these issues. Simply put, it is too late in this litigation to decline supplemental jurisdiction on the few state claims that remain, and to turn the matter to a state court does not in any way advance the principles of judicial economy, convenience, fairness, and comity. Defendants' motion that the Court decline to exercise supplemental jurisdiction is denied. See Westphal v. Catch Ball Products Corp., 953 F.Supp. 475, 479 (S.D.N.Y. 1997) (after trial that dismissed federal claims, court retained supplemental jurisdiction over state law claims).

Defendants also move to decertify the Rule 23 class action, arguing there is no "commonality" or "typicality" to warrant class certification since only two or the three Plaintiffs established liability for overtime wages. Rule 23(c)(1)(C) states that "an order that grants or denies class certification may be altered or amended before final judgment." A court should "reassess their class rulings as a case develops." Boucher v. Syracuse Univ., 164 F.3d 113, 118 (2d Cir.1999) (citations omitted), and can "always alter, or indeed revoke, class certification" before final judgment is entered. Corder & Co. Financial Services, Inc. V. A.G. Edwards & Sons,

Inc., 502 F.3d 91, 104 n.9 (2d Cir. 2007) (citations omitted); see also Jacob v. Duane Reade, Inc., 11-CV- 160, 2016 WL 3221148, at *1 (S.D.N.Y. June 9, 2016) (district court has broad authority to revisit class certification at various stages in the litigation).

As this Court previously noted in the decision on Plaintiffs' Rule 23 certification motion ("Order"), Rule 23(a) requires that a party seeking certification prove "that the proposed class action '(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class.'" Order, at 2 (ECF 163) (quoting Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010), cert. denied, 132 S.Ct. 368 (2011); Rule 23(a)).

The critical determination here is one of "commonality" and whether there continues to be commonality despite that the jury found that only two of the three Plaintiffs established liability. As stated by the Second Circuit when analyzing the commonality requirement in a wage and hour litigation, "Rule 23(a)(2)'s commonality prerequisite requires a showing that the plaintiffs' claims 'depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" Jacob v. Duane Reade, Inc., 602 Fed.Appx. 3, 6 (2d Cir. 2015) (quoting Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)); see also Callari v. Blackman Plumbing Supply, Inc., 11-CV-3655, 2015 WL 9462102, at *5 (E.D.N.Y. December 23, 2015).

Commonality is satisfied "if there is a common issue that 'drive[s] the resolution of the litigation' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" Sykes v. Mel S. Harris & Associates LLC, 780

F.3d 70, 84 (2d Cir. 2015) (quoting Dukes, 564 U.S. at 350, 131 S.Ct. at 2551). It requires that the plaintiffs have all suffered the same injury. Id., at 80. What matters "is not the raising of common 'questions' - even in droves - but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" Dukes, at 350 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 131-132 (2009) (emphasis in original)). While individual damages issues may not defeat class certification, "the plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability." Sykes, at 82 (quoting Leyva v. Medline Industries Inc., 716 F.3d 510, 514 (9th Cir. 2013)).

The Court agrees that there is no longer commonality here. The jury found that only two of the three Plaintiffs were able to establish liability, which undermines that the issue can be resolved "in one stroke." If different Plaintiffs during the trial, and therefore presumably different class members, are susceptible to different findings of liability, there is no "commonality" as required to proceed as a Rule 23 class action. The Court finds it unnecessary to address whether the other elements of Rule 23 have been satisfied, and grants Defendants' motion to decertify the Rule 23 class.[3]

## CONCLUSION

Plaintiffs' motion under Rule 50(b) for judgment as a matter of law is denied. Defendants' motion that this Court decline its supplemental jurisdiction over the state law claims that remain in this case pursuant to 28 U.S.C. § 1367(c) is also denied. Defendants' motion to decertify the

---

[3]This case is distinguishable from the case argued by Plaintiffs, Gortat v. Capala Bros., 949 F.Supp.2d 374, 383 (E.D.N.Y. 2013), where the motion to decertify FLSA and state law claims following trial was denied where jury found in favor of the class.

class under Rule 23 is granted. All counsel are directed to appear before this Court for a conference on June 21, 2016 at 11am.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 4, 2016